UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWALI KHAN,

Petitioner,

v.

BARACK OBAMA, et al.,

Respondents.

Civil Action No. 08-1101 (JDB)

## ORDER

The Case Management Order (CMO) in this case imposes several discovery obligations on respondents that are cabined by a "reasonably available" limitation. See Case Management Order (Feb. 20, 2009) at § I.D (dkt. ent. #81). In response to respondents' arguments in other habeas cases involving Guantanamo detainees that the "automatic" discovery obligations imposed by section I.E of the CMO are unduly burdensome, the Court has interpreted section I.E to be cabined by a similar limitation. See Zaid v. Obama, Civ.A.No. 05-1646, Orders on Feb. 9, 2009 and March 2, 2009. Respondents' obligations under both sections I.D and I.E are impacted as well by President Obama's January 22, 2009 Executive Order, which directs the Attorney General to:

> [A]ssemble all information in the possession of the Federal
> Government that pertains to any individual currently detained at
> Guantanamo and that is relevant to determining the proper
> disposition of any such individual. All executive branch
> departments and agencies shall promptly comply with any request
> of the Attorney General to provide information in their possession
> or control pertaining to any such individual.

See Exec. Order No. 13,492 at § 4(c)(1), 74 Fed. Reg. 4897 (Jan. 22, 2009). The Executive Order will presumably add to the information that is reasonably available to respondents and may

include information responsive to sections I.D. and I.E.

Consistent with the Court's approach in other Guantanamo habeas cases, it is hereby **ORDERED** that the government file a status report in this case, in writing and on April 9, 2009, advising whether the process outlined in section 4(c)(1) of the Executive Order has been completed, whether additional information regarding petitioner has been gathered, and if not yet complete, when the process is estimated to be done.[1]  The status report shall also advise whether respondents have obtained additional information responsive to sections I.D or I.E of the CMO in this case and whether all such information has been produced to petitioner.  This approach should allow petitioner's case to proceed with minimal burden to the government yet at the same time enable petitioner to develop his case.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:    March 4, 2009

---

[1] The Court does not know -- indeed, respondents themselves may not know -- whether the government intends to create new consolidated files for each petitioner or to supplement the existing consolidated files created by JTF-GTMO and OARDEC.  Whatever course is taken, respondents should expect to review and report on the new information about petitioner, if any, that the process outlined in section 4(c)(1) of the Executive Order gathers.